**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| ALYCE R. PAYNE, WILLIAM FRENCH, KAREN MICHAELS, and LORNA HARRIS, on Behalf of Themselves and all Others Similarly Situated, § § § § § § *Plaintiffs*, § § v. § § APPLE INC. and AT&T MOBILITY LLC, § § *Defendant*. § | CIVIL ACTION NO. 09-cv-00042 |

**EXPEDITED MOTION FOR A STAY OF THE PROCEEDINGS**

Defendant Apple Inc. ("Apple") respectfully files this Expedited Motion for a Stay of the present action in its entirety pending a transfer decision by the Judicial Panel on Multidistrict Litigation (the "Panel"). Plaintiffs do not oppose such a stay and Defendant AT&T Mobility LLC ("ATTM") has indicated a neutral stance on the stay motion.

The need for a stay of this action is immediate in light of the April 24, 2009 responsive pleading deadline. This Court has the clear power to grant a stay pending resolution of the pending MDL motion. As set forth below, federal courts routinely exercise that power where doing so would promote judicial economy and avoid prejudice to the parties. These factors strongly support a stay here.

**INTRODUCTION**

On March 11, 2009, Apple filed with the Panel a motion for transfer and consolidation of this and eleven other virtually identical putative class actions (the

"Actions") to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1407 ("Apple's MDL Motion").[1] All of the plaintiffs in the twelve actions have filed responses to Apple's MDL Motion with the Panel supporting the Northern District of California as the appropriate transferee court. Defendant ATTM filed a response agreeing that transfer and consolidation of the Actions is appropriate, but requesting transfer to a different venue, the District of New Jersey. Because all parties seek to transfer the present action to jurisdictions other than this Court and because Plaintiffs do not oppose a stay, the action should be stayed pending the Panel's transfer decision.

Responding to the complaint, and, thereafter, exchanging initial disclosures and developing a discovery plan would require the parties to expend significant resources. As noted, all parties agree that MDL treatment is appropriate and there can be no serious dispute that these virtually identical Actions should be transferred and consolidated. Neither this Court's time nor the parties' resources are well spent on issues that will necessarily be relitigated in a consolidated proceeding. Indeed, requiring the parties to engage in discovery or to otherwise litigate this action in this forum prior to a decision by the MDL Panel would undermine the very purpose and authority of the MDL Panel.[2]

---

[1] Apple's motion for transfer and consolidation has been assigned MDL Docket number 2045. Apple's MDL motion and supporting documents have been filed with the Court in this action and appear in the docket as Docket Entry Numbers 8, 12, and 13.

[2] In the California actions, on April 7, 2009, Judge James Ware of the Northern District of California stayed the eight actions pending before him. In the Southern District of Florida action, Apple's stay motion was granted on April 3, 2009. In the Eastern District of New York action, Apple and ATTM recently agreed to withdraw their respective motions to dismiss without prejudice (and ATTM agreed to withdraw its motion to compel arbitration). Judge Jack B. Weinstein ruled that no responsive pleadings or other filings would be due in that action until after the Panel has made its transfer decision. Apple is in the process of obtaining stays in the remaining actions.

For these reasons and those set forth below, Apple urges the Court to enter an immediate stay of all proceedings in this action pending the MDL Panel's transfer determination.

**BACKGROUND**

Between August 19, 2008, and January 30, 2009, twelve putative class actions in five federal district courts were filed alleging that Apple's iPhone 3G does not consistently access ATTM's 3G network and that Apple and ATTM misrepresented to the public the speed, strength, and performance of the iPhone 3G and ATTM's 3G network. The Actions are all in preliminary stages of litigation. In the majority of the cases, all that has happened is the filing of the complaint. Apple has answered in two cases, has moved to dismiss in three other cases, and has not yet responded in seven cases, including this one. Discovery has not commenced in any of the Actions.

The present action, one of the most recently filed cases, is in its infancy. The complaint was filed only weeks ago, on January 29, 2009. No responsive pleading has been filed by either defendant. The responsive pleading deadline for both Apple and ATTM is April 24, 2009. No discovery has been propounded. No motions are pending.

The reason the Actions must be transferred and coordinated pursuant to the MDL procedure is simple and non-controversial: all twelve Actions assert effectively identical claims and seek to certify identical and/or overlapping classes.[3] The core factual allegations of the twelve complaints are identical: that Apple's iPhone 3G allegedly does not consistently access ATTM's 3G network and that Apple and ATTM purportedly

---

[3] Apple in no way concedes commonality, typicality, or any other element under Federal Rule of Civil Procedure 23; Apple will oppose certification of the putative

misrepresented to the public the speed, strength, and performance of the iPhone 3G and ATTM's 3G network. The Actions purport to allege claims under state consumer protection laws, warranty laws, and other similar theories.

**ARGUMENT**

**I.     ALL PROCEEDINGS SHOULD BE STAYED PENDING THE RESOLUTION OF THE APPLE MDL MOTION**

This Court has broad authority to stay proceedings before it. That authority is part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (granting defendant's motion to stay proceedings pending resolution of transfer motion before the Panel).

Courts routinely stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending before the Panel in order to conserve judicial resources, avoid duplicative litigation, and prevent prejudice to the parties. *See*, *e.g.*, *Anderson v. Merck & Co., Inc.*, No. Civ. A. V-07-114, 2007 WL 43770 (S.D. Tex. Jan. 5, 2007); *Aikins*, 2000 WL 310391; *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, CIV.A. No. 90-4378, 1991 U.S. Dist. LEXIS 1431, at **3-6 (D.N.J. Feb. 1, 1991). These factors weigh heavily in favor of a stay here.

---

classes. However, these overlapping actions can be more efficiently and fairly litigated together.

### A. Judicial Resources Will Be Conserved If This Court Grants Apple's Motion for a Stay.

The Actions present a classic case for MDL transfer and consolidation.[4] All parties in all actions agree that transfer and consolidation is appropriate; ATTM merely requests a different venue. Absent consolidation, there will be *twelve* separate proceedings in five federal jurisdictions involving effectively identical allegations and exactly the same transactions and events (sale and alleged performance of the iPhone 3G).

Entry of a stay in this action will conserve judicial resources. A stay will allow this Court to avoid duplicative pretrial proceedings and needless expenditure of the Court's resources. *See Anderson*, 2007 WL 43770, at *1. Neither this Court nor the parties should devote time to resolving pleading motions and, thereafter, to developing a discovery plan. Each of these steps necessarily would be repeated by the transferee court once the MDL Panel has ruled, the actions have been consolidated, and a consolidated amended complaint has been filed.[5] Accordingly, a stay should be entered to promote the efficient use of judicial resources and to further the longstanding expense-reduction policies of this Court. *See id.*

---

[4] Consolidation is called for "when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events." *In re Air West Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) (explaining that common factual questions arise because all actions focus on allegations regarding the design of car's fuel tanks).

[5] Transfer and consolidation of the Actions would potentially subject rulings made prior to transfer to reconsideration by the transferee court. *See, e.g., Rivers*, 980 F. Supp. at 1361; *In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979), *aff'd*, 664 F.2d 114 (6th Cir. 1981).

### B. Apple Will Be Prejudiced Unless The Stay Is Granted.

Failure to stay one of multiple actions pending determination of an MDL petition imposes unnecessary burden and hardship on the defendant. *See Aikins*, 2000 WL 310391, at *1; *Arthur-Magna, Inc.*, 1991 U.S. Dist. LEXIS 1431, at **4-5. This is particularly clear where both defendants agree that MDL treatment is appropriate. As set forth above, absent a stay, Apple (and ATTM) would have to respond to the complaint, an action that will be repeated in the transferee court. Such duplication is unduly burdensome and serves no purpose. There is no countervailing benefit to proceeding with this action prior to a decision by the MDL Panel, and, accordingly, a stay should be granted.

### C. No Party Will Be Prejudiced If the Proceedings Are Stayed.

No prejudice results from a brief stay pending determination of Apple's MDL Motion. Plaintiffs, who do not oppose this motion, have no more interest than Apple in duplicative, wasteful, and potentially conflicting rulings. ATTM would not suffer any prejudice, because, like Apple, it seeks to transfer and consolidate the Actions elsewhere. Any delay necessarily will be of limited duration, since the stay will only be in effect until the Panel issues its transfer decision. Any possible inconvenience from such a minimal delay is far outweighed by the considerations of judicial economy and fairness addressed above.

### CONCLUSION

A stay is essential to prevent the prejudice that will inevitably result from duplicative and burdensome motion practice and discovery as well the risk of conflicting rulings. Judicial economy also compels a stay of this action. Apple

respectfully requests that this Court enter an order staying all proceedings in this action pending decision of the Apple MDL Motion.

Dated: April 14, 2009

SIEBMAN, REYNOLDS, BURG, PHILLIPS & SMITH, LLP

By:   /s/ Clyde M. Siebman
Clyde M. Siebman
Federal Courthouse Square
300 North Travis Street
Sherman, Texas 75090
Telephone: (903) 870-0070
Telefax: (903) 870-0066

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of April, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

By:   */s/* Clyde M. Siebman
Clyde M. Siebman

# **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on the April 10, 2009, a telephone conference was held between counsel for Plaintiff and counsel for Defendant Apple Inc. regarding the Expedited Motion for a Stay of the Proceedings. Counsel for Plaintiff stated they did not oppose the Motion for a Stay of the Proceedings. Counsel for Defendant AT&T Mobility LLC stated in an email that they were neutral with respect to the Motion for a Stay of the Proceedings.

/s/ Clyde M. Siebman
Clyde M. Siebman